UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No.: | CV 5:22-02210-RAO | Date: | March 25, 2024 |
| Title: | Angell F. v. Martin J. O'Malley, Commissioner of Social Security | | |

Present: The Honorable **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| James Muñoz | N/A |
|---|---|
| Deputy Clerk | Court Reporter/Recorder: N/A |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| N/A | N/A |

**Proceedings:**    (In Chambers) **ORDER AFFIRMING COMMISSIONER'S DECISION**

## I. Introduction

Plaintiff Angell F. ("Plaintiff") challenges the Commissioner's denial of her application for Supplemental Security Income (SSI). Plaintiff claims the ALJ gave insufficient reasons for rejecting the opinion of consulting examining neurologist, Dr. Sarah Maze, that Plaintiff could occasionally reach with the left arm and occasionally handle and finger with the left hand. Plaintiff also argues that the ALJ erred in developing the record by asking incomplete hypotheticals questions to the vocational expert (VE). Plaintiff filed her opening brief on May 26, 2023 ("Pl. Br."); the Commissioner filed its opposition on June 26, 2023 ("Comm'r Br."). (*See* Dkt. Nos. 15, 19.) For the reasons set forth below, the Commissioner's decision is AFFIRMED.

## II. Standard of Review

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. A court must affirm an ALJ's findings of fact if they, when applied against proper legal standards, are supported by substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001). "Substantial evidence . . . is 'more than a mere scintilla[,]' . . . [which] means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 587 U.S. __, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019) (citations omitted); *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is shown "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating [her] interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No.: | CV 5:22-02210-RAO | Date: | March 25, 2024 |
| Title: | Angell F. v. Martin J. O'Malley, Commissioner of Social Security | | |

715, 725 (9th Cir. 1998) (citation omitted). "[T]he Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the Secretary's conclusion." *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001) (citations and internal quotation marks omitted). "However, the ALJ 'need not discuss all evidence presented'" to her, but "must only explain why 'significant probative evidence has been rejected.'" *Hurn v. Berryhill*, No. 17-00884, 2018 WL 4026357, at *3 (W.D. Wash. Aug. 23, 2018) (citing *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984)). The Court may review only "the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which [s]he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citing *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003)). "'Where evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008) (citing *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)); *see Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) ("If the evidence can support either affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that of the ALJ.").

### III.   **Relevant Legal Standards**

Because Plaintiff filed her claim after March 27, 2017, 20 C.F.R. § 404.1520c governs the evaluation of medical opinion evidence. *Woods v. Kijakazi*, 32 F.4th 785, 789 (9th Cir. 2022). Under the new regulations, the Social Security Administration "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources." 20 C.F.R. § 416.1520c(a). Rather, an ALJ is required to evaluate the "persuasiveness" of medical opinions according to various factors: (1) supportability; (2) consistency; (3) relationship with the claimant (including the length of treatment, frequency of examinations, purpose of treatment, extent of treatment, whether the medical source examined the claimant); (4) the medical source's specialty; and (5) other factors. *See* 20 C.F.R. § 416.920c(c)(1)-(5). Supportability and consistency with the evidence are the two most important factors in determining the persuasiveness of medical opinions. *See* 20 C.F.R. § 416.920c(a); *Woods*, 32 F.4th at 791.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 5:22-02210-RAO | Date: | March 25, 2024 |
| Title: | Angell F. v. Martin J. O'Malley, Commissioner of Social Security | | |

"Supportability means the extent to which a medical source supports the medical opinion by explaining the relevant . . . objective medical evidence. Consistency means the extent to which a medical opinion is consistent . . . with the evidence from other medical sources and nonmedical sources in the claim." *Woods*, 32 F.4th at 791-92 (internal citations and quotations omitted; citing 20 C.F.R. § 404.1520c(c)(1), (2)); *see also* 20 C.F.R. § 416.920c(1), (2).

Under the new regulations, treating and examining sources receive no special deference, and the ALJ is no longer required to articulate specific and legitimate findings for rejecting opinions from these treating sources. *See* 20 C.F.R. § 416.920c(a); *Woods*, 32 F.4th at 792. However, the new regulations still require an ALJ to provide an explanation supported by substantial evidence for rejecting an examining or treating doctor's opinion as unpersuasive. *Woods*, 32 F.4th at 792.

IV.   **Pertinent Facts**

The medical record contains two opinion sources regarding Plaintiff's manipulative limitations: the prior administrative medical findings (PAMFs) and Dr. Maze's report and accompanying Medical Statement of Ability to Do Work-Related Activities ("Medical Statement").

A.   PAMFs[1]

State agency physician Dr. Wong reviewed the medical record initially in April 2020. (AR 85-96.) Dr. Wong determined that Plaintiff was limited to sedentary activity with standing and/or walking for two hours and sitting for six hours out of an eight-hour workday and performing occasional postural maneuvers. (AR 94-95.) Dr. Wong found Plaintiff had no manipulative limitations. (AR 95.) Dr. Wong's personalized disability explanation ("PDE") stated, in pertinent

---

[1] The new regulations use the term "prior administrative medical finding" which is defined as "a finding, other than the ultimate determination about whether you are disabled, about a medical issue made by our Federal and State agency medical and psychological consultants at a prior level of review [] in your current claim based on their review of the evidence in your case record . . . ." 20 C.F.R. § 416.913(a)(5). Here, the PAMFs reviewed Plaintiff's record at the initial and reconsideration levels of the administrative process. (*See* AR 85-116.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 5:22-02210-RAO | Date: | March 25, 2024 |
| Title: | Angell F. v. Martin J. O'Malley, Commissioner of Social Security | | |

part, "The medical evidence shows you have a history of physical impairments. Despite these impairments, the current medical evidence shows you are able to move about and to use your arms, hands and legs in a satisfactory manner." (AR 97.)

On reconsideration in June 2020, state agency physician Dr. Schwartz reviewed the updated medical records received upon reconsideration, as well as the initial records, and agreed with Dr. Wong but further assessed that Plaintiff should not climb ladders, ropes, or scaffolds and should avoid moderate exposure to hazards. (AR 113-14.) With respect to the issue raised in this appeal, Dr. Schwartz found Plaintiff did not have manipulative limitations. (AR 113.) Dr. Schwartz's PDE stated, in pertinent part, "Your condition results in some limitations in your ability to perform work related activities. We have determined that your condition is not severe enough to keep you from working. We considered the medical and other information, your age and education in determining how your condition affects your ability to work. We do not have sufficient vocational information to determine whether you can perform any of your past relevant work. However, based on the evidence in file, we have determined that you can adjust to other work." (AR 116.)

  B. <u>Dr. Maze's Report</u>

Consultative neurologist Dr. Sarah Maze prepared a neurological evaluation dated July 8, 2021. (AR 803-806.) Dr. Maze did not review Plaintiff's medical records, but instead based her findings on a physical examination, formal testing, and observations of Plaintiff. (AR 806.) Plaintiff's history was provided by Plaintiff and her mother, who was present in the examination. (AR 803.) Plaintiff reported a history of three strokes – her first in November 2017, another in 2018, and the third in May 2019. (AR 803.) She complained of weakness in her left arm and left leg since May 2019. (AR 803.) Plaintiff described being slow and unsteady and requiring assistance in getting in and out of the car. (AR 803.) Motor testing found normal results on Plaintiff's right side with results being 5/5 across all categories. (AR 804-05.) Regarding Plaintiff's left side, motor test results were 5-/5 across all categories except finger abduction which was 4+/5. (AR 804-05.) Grip strength by Jamar dynamometer results were 75/75 for the right hand and 20/20 on the left hand. (AR 805.) With respect to coordination, cerebellar testing was normal on Plaintiff's right side, while slight slowness was found on the left side. (AR 805.) Plaintiff arrived with a quad cane and walked with a mild limp. (AR 805.) Dr. Maze's impressions were that Plaintiff had a history of multiple strokes and left hemiparesis. (AR 805.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 5:22-02210-RAO | Date: | March 25, 2024 |
| Title: | Angell F. v. Martin J. O'Malley, Commissioner of Social Security | | |

Dr. Maze commented that Plaintiff "had strokes in November 2017, 2018, and May 2019. After her last stroke in 2019, she had left arm and left leg weakness." (AR 805.) Dr. Maze opined that Plaintiff can occasionally lift 20 pounds and frequently lift 10 pounds and is unable to lift over 20 pounds. (AR 805.) Plaintiff can stand and walk for two hours and sit for six hours of an eight-hour workday and does not require a cane for ambulation. (AR 805.) Dr. Maze stated that Plaintiff can occasionally perform reaching, handling and fingering with the left arm, and frequently reach and handle with the right arm. (AR 805.) Plaintiff can operate a foot pedal with the right and left legs. (AR 805.) She has no limitations with regards to hearing or vision. (AR 806.) Plaintiff can occasionally climb ramps and ladders and can frequently stoop, kneel, and crawl. (AR 806.) She should not work at unprotected heights and is able to occasionally operate a motor vehicle. (AR 806.)

Dr. Maze also completed a Medical Statement of Ability to Do Work-related Activities ("Medical Statement"). (AR 797-802.) The Medical Statement expressed that Plaintiff can continuously reach (overhead), reach (all other), handle, finger, feel, push/pull in her right hand, but can only occasionally perform these activities with her left hand.[2] (AR 799.) With respect to use of feet, the Medical Statement expressed that Plaintiff can continuously use her right foot but only occasionally her left foot. (AR 799.) With respect to postural activities, Dr. Maze checked that Plaintiff can occasionally climb stairs and ramps and ladders of scaffolds and frequently stoop, kneel, crouch, and crawl. (AR 800.) For environmental limitations, Dr. Maze marked that Plaintiff can occasionally operate a motor vehicle and have frequent exposure to humidity, dust, extreme heat and cold and vibrations. (AR 801.)

   C. The ALJ's Decision

The ALJ assessed Plaintiff with the residual functional capacity (RFC) to perform sedentary work except she cannot climb ladders, ropes or scaffolds but is capable of occasionally climbing ramps and stairs, balancing, stooping, kneeling, crouching, and crawling; she can

---

[2] The Medical Statement, a check-the box form, has four categories of limitations: never, occasionally, frequently, and continuously. (*See* AR 797.) "Occasionally" is defined as "very little to one-third of the time; "frequently" means "from one-third to two-thirds of the time"; and "continuously" means "more than two-thirds of the time." (AR 797.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 5:22-02210-RAO | Date: | March 25, 2024 |
| Title: | Angell F. v. Martin J. O'Malley, Commissioner of Social Security | | |

frequently perform handling, fingering, and reaching with her nondominant left upper extremity; she cannot work at unprotected heights; she can work without limitation in an environment rated quiet or moderate for noise but in a loud or very loud environment should be provided ear protection and may need verbal communications; she can perform tasks requiring a brief demonstration or up to three months to learn; she can perform such tasks at an average pace without strict time or production demands; she can interact frequently with others on matters limited to the straightforward exchange of information without negotiation, persuasion, or conflict resolution; and can adapt to occasional changes. (AR 26.)

The ALJ summarized Dr. Maze's July 2021 neurological report. With respect to the issue presented here, the ALJ's decision noted Dr. Maze found Plaintiff "had slightly decreased motor strength on the left at mostly a 4+ but mostly a 5-/5 with decreased grip strength of her left hand but normal sensation." (AR 32; *see also* AR 804.) The ALJ also noted Dr. Maze's opinion "that [Plaintiff] was capable of occasional reaching, handling and fingering with her left upper extremity and frequent reaching and handling her right upper extremity." (AR 32.)

The ALJ found the PAMFs' opinions generally persuasive but added a limit on manipulation with the left arm given Plaintiff's subjective and variable weakness. (AR 35.) The ALJ was partially persuaded by Dr. Maze's opinion as to the limitation of light exertional activity with standing and/or walking for two hours out of an eight-hour day. (AR 35.) The ALJ found the PAMFs more persuasive with respect to lifting and carrying. With respect to manipulative limitations, the ALJ found Dr. Maze's opinion of "occasional use for [Plaintiff's] left upper extremity and frequent for her right upper extremity are not consistent with the other medical findings as well as not supported by the medical record showing no consistent deficits with her left hand and no abnormalities with her right hand and nearly normal strength at this exam." (AR 35.) The ALJ found Dr. Maze's "limitation of occasional operation of foot pedals with the left leg to be internally inconsistent in her report as well as not consistent with other medical findings and not supported by the medical record showing no consistent deficits with her left foot." (AR 35.) The ALJ found no basis to limit driving given a "largely" normal exam. (AR 35.) The ALJ found Plaintiff more limited than Dr. Maze opined with respect to postural activities and hearing. (AR 35.)

//
//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 5:22-02210-RAO | Date: | March 25, 2024 |
| Title: | Angell F. v. Martin J. O'Malley, Commissioner of Social Security | | |

V. **Parties' Arguments**

Plaintiff contends that the ALJ failed to cite to any evidence in support of her conclusion that Plaintiff should be limited to "frequent" for manipulative activities with respect to her left arm.[3] (Pl. Br. at 11.) Plaintiff maintains that a review of the record shows consistent deficits that support a more restrictive limitation, i.e., occasional. For example, October and November 2019 and February 2020 neurologic and extremity exams were positive for hemiparesis on the left upper extremity. (*Id*.) A March 2020 exam was positive for paresthesia of the left upper extremity and diminished strength of the left upper extremity. (*Id*.) A November 2020 exam measured left upper extremity strength at 3/5; a July 2021 exam showed that Jamar grip strength testing was 70 pounds on the right and only 20 pounds on the left. (*Id*.) And while the balance of the records does not include an evaluation of the left upper extremity, Plaintiff contends the medical entries do contain consistent complaints about pain and weakness. (*Id*. at 12.) Thus, Plaintiff concludes that the ALJ's ruling that Dr. Maze's findings are not "consistent with the other medical findings" is "not only unsupported by citation to evidence, it is entirely inaccurate." (*Id*.)

The Commissioner counters that, after thoroughly reviewing the whole record, the ALJ assessed an RFC that partially reflected the limitations in Dr. Maze's opinion – some parts were more restrictive than Dr. Maze's opinion, other parts were less so. (Comm'r Br. at 10.) With respect to the medical record, the Commissioner notes that Plaintiff ignores the objective medical evidence that supports the ALJ's decision, choosing instead to focus on the records that support her claims of disability. (*Id*. at 11-12.) The Commissioner points to portions of the medical record that support the ALJ's determination. For instance, although Plaintiff reported strokes in 2017 and 2018, the Commissioner notes that there are no supporting medical records for these two alleged events. (*Id*. at 6.) Additionally, while Plaintiff went to the emergency room in May 2019, reporting weakness in her left hand and arm, a same-day examination showed normal findings. (*Id*.) Records in 2019 showed that Plaintiff reported left-sided weakness but consistently presented with normal physical findings. (*Id*.) An emergency room visit in March 2020 found Plaintiff exhibited mild paresthesia of the left upper extremity with diminished

---

[3] Plaintiff does not challenge the ALJ's RFC to the extent that it places no restrictions on Plaintiff's upper right extremity. Dr. Maze's opinion appears inconsistent on limitations for Plaintiff's right arm – her report opined, with respect to use of hands, that Plaintiff can frequently reach and handle with her right arm, but the Medical Statement expressed that Plaintiff can continuously carry out activities with her right hand. (*Compare* AR 798 *with* AR 805.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 5:22-02210-RAO | Date: | March 25, 2024 |
| Title: | Angell F. v. Martin J. O'Malley, Commissioner of Social Security | | |

strength. (*Id*. at 7.) A November 2020 hospital visit showed a three out of five motor strength on the left side (with right side normal). (*Id*. at 7.) Further studies showed normal findings, and Plaintiff was diagnosed with "weakness" as there was no evidence of an acute infarct. (*Id*. at 7-8.) Against this backdrop, the ALJ also evaluated the medical opinions and PAMFs, finding Dr. Maze's opinion partially persuasive and the PAMFs generally persuasive. (*Id*. at 9.) The Commissioner emphasizes that, notwithstanding the ALJ determination that the PAMFs were generally persuasive, the ALJ still added a limit on Plaintiff's left arm manipulation in light of her reports of weakness. (*Id*.) In sum, the ALJ's summary and analysis were thorough and the ALJ's decision should be upheld.[4] (*Id*.)

    VI.    **Analysis**

The ALJ found Dr. Maze's opinion partially persuasive with respect to certain limitations and, specifically, with respect to manipulative limitations, found her opinion "not consistent with the other medical findings as well as not supported by the medical record showing no consistent deficits with her left hand and no abnormalities with her right hand and nearly normal strength at this exam." (AR 35.) The Court finds that the ALJ followed the new regulations, making the relevant findings based on the record in determining Plaintiff's manipulative limitations. First, the ALJ addressed the consistency factor by referencing other medical records which showed both normal and abnormal findings with respect to the left upper extremity and almost entirely normal findings with respect to the right upper extremity. Next, the ALJ referenced Dr. Maze's own exam findings, noting that the exam found "no abnormalities with [Plaintiff's] right hand and nearly normal strength at this exam." (*Id*.)

---

[4] As part of its opposition to Plaintiff's arguments, the Commissioner's brief also includes a summary of the ALJ's evaluation of Plaintiff's subjective symptoms. (Comm'r Br. at 4-5.) Finding many inconsistencies "within and between" Plaintiff's testimony and the record, the ALJ noted that Plaintiff testified to living with her parents, but the record showed that she had been living with her fiancé. (*Id*. at 5.) And while Plaintiff testified that she could not do much and relied on her parents, the record contradicted this testimony and showed that Plaintiff repeatedly complained to her therapist about running errands for her parents and driving them places. (*Id*.) The ALJ also observed that Plaintiff failed to disclose that she had been receiving unemployment benefits since January 2021 when asked if she received public assistance. (*Id*.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 5:22-02210-RAO | Date: | March 25, 2024 |
| Title: | Angell F. v. Martin J. O'Malley, Commissioner of Social Security | | |

The Court discerns no error and finds substantial evidence supports the ALJ's reasoning and conclusions. The ALJ's decision previously summarized that Dr. Maze's exam findings that "[Plaintiff] had slightly decreased motor strength on the left at mostly a 4+ but mostly a 5-/5 with decreased grip strength on her left hand but normal sensation." (AR 32.) A review of Dr. Maze's report clarifies that Plaintiff's left side motor strength was mostly a 5-/5 with one 4+/5 finding. (AR 804.) First, as Plaintiff acknowledges, the balance of the record reflects no evaluations of the left upper extremity, and the records that do exist show mostly normal findings. Second, while the record does show persistent findings of left side weakness, it is mostly noted in the context of Plaintiff's left leg or left lower extremity. (*See, e.g.*, AR 391 (peripheral neuropathy pain in left leg); 408 (patient favors left leg when walking); 440 (patient complains of left ankle pain and presents with pain on left side)).

Notably, in fashioning the RFC with respect to manipulative limitations, the ALJ did not adopt the opinion of the PAMFs that there should be no manipulative limitations. Instead, the ALJ imposed greater limitations than the PAMFs opined but less than Dr. Maze's report recommended. In doing so, the ALJ appropriately translated the medical opinions into concrete limitations in the RFC. *See* 20 C.F.R. § 416.927(d)(2) (the Commissioner has final responsibility for determining claimant's RFC); *see Petrini v. Berryhill*, 705 F. App'x 511, 512 (9th Cir. 2017) (the ALJ properly "translated" the opinions of the medical sources "into an RFC that embraced the limitations found by both doctors, even though the RFC finding did not mirror the language of their opinions," and because the "ALJ permissibly discounted opinions [of other medical sources], she was not required to incorporate their findings into the RFC finding.").

In arguing that the ALJ failed to cite to evidence supporting the RFC finding that Plaintiff can frequently handle, reach, and finger with her left upper extremity, Plaintiff suggests that the ALJ was required to give specific and legitimate reasons for rejecting Dr. Maze's opinion. However, as noted above, the Ninth Circuit has expressly done away with such a requirement under the new regulations. *Woods*, 32 F.4th at 792. Instead, the ALJ need only give an explanation that is supported by substantial evidence. *Id.* Further, while Plaintiff contends that the ALJ should have given greater consideration to certain medical records finding left side weakness, the Court cannot second-guess the ALJ's reasonable consideration of the record evidence as a whole and must uphold the ALJ's rational interpretation of the evidence. *See Ford v. Saul*, 950 F.3d 1141, 1159 (9th Cir. 2020) ("Our review of an ALJ's fact-finding for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No.: | CV 5:22-02210-RAO | Date: | March 25, 2024 |
| Title: | Angell F. v. Martin J. O'Malley, Commissioner of Social Security | | |

substantial evidence is deferential, and the threshold for such evidentiary sufficiency is not high.") (internal quotations omitted; citing *Biestek*, 139 S. Ct. at 1154).

Lastly, Plaintiff argues that the ALJ failed to ask the vocational expert (VE) what jobs were available should Plaintiff be limited to occasional use of the left upper extremity. *See* Pl. Br. at 13. Plaintiff's argument is premised on the assumption that the RFC did not accurately account for Plaintiff's limitations. The Court finds this argument unavailing for the reasons stated above. *Derek A. K. v. Saul*, 2021 WL 37040732, at *11 (C.D. Cal. Mar. 30, 2021) (claimant's argument that the ALJ failed to include all his limitations in the hypotheticals presented to the VE simply restates claimant's challenges to the ALJ's RFC determination which the court has already rejected); *see also Petrini,* 705 F. App'x at 513 *(*"[B]ecause the ALJ properly 'translated' the opinions of [the medical sources] into the RFC assessment, the ALJ was permitted to limit her hypothetical questions to the conditions reflected in the RFC."); *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008) (same).

VII.    **Conclusion**

For the reasons set forth above, the decision of the Commissioner of Social Security is AFFIRMED.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | jm |